[No. 1235.]

BURCHINELL V. SCHOYER.

1. PRACTICE—BILL OF EXCEPTIONS.
The fact that the court by order fixes a time within which a bill of
  exceptions may be presented does not abridge the party's right to
  present and have signed his bill of exceptions at any time during
  the term at which the case was tried.  And although the time fixed
  by order of court may have expired, the party still had a right to
  present and have signed his bill at any time before the term at
  which the case was tried had expired.
2. SAME.
Facts examined and held sufficient to show absolute change of posses-
  sion of personal property under a chattel mortgage.

*Appeal to the District Court of Arapahoe County.*

Messrs. BROWN & SMOTHERS, for appellant.

Mr. ALFRED MULLER, for appellee.

BISSELL, J., delivered the opinion of the court.

For several years prior to September, 1894, Bernhard Hel-
ler was a dry goods merchant doing business in Georgetown,
Colorado.  He had borrowed money from time to time from
the appellee, Schoyer, until at that date he owed him between
eight and nine thousand dollars.  This indebtedness was
represented by sundry and divers notes, and on the 22d of
the month these old notes were surrendered, a new one given
for the entire amount due, and thereupon, Heller executed
and delivered to Schoyer a chattel mortgage upon all his
stock in trade.  Immediately upon the delivery of this mort-
gage Schoyer went into possession, closed the store, put up
a sign indicating the transfer and commenced the taking of
an inventory of the stock.  Shortly afterwards an attach-
ment suit was begun against Heller and levied on the stock,
but the various parties settled that claim and it is of no far-

ther consequence in the case. After this suit was disposed. of Schoyer boxed up the goods and shipped them to Denver, placed them in a store which he had rented for the purpose, put up a large sign across the entire front of the store advertising the goods for sale at fifty cents on the dollar, attaching his own name, A. Schoyer, proprietor, in one of the lower corners of the sign, in good sized letters, which occupied about three feet in space on the canvas. Schoyer remained in possession and commenced to sell and dispose of the goods through clerks employed by him for the purpose, though for two or three weeks Heller was in the store under an employment from Schoyer in order to advise the clerks of the cost and prices at which the goods should be sold. About four months afterwards and in January, 1895, the Ely & Walker Dry Goods Company commenced a suit against Heller by attachment, levied upon some of the goods in order to secure their debt which amounted to $259.74. The sheriff took possession and Schoyer brought this replevin suit to recover the property or its value. The case went to trial before a jury and on the conclusion of the case the court directed a verdict for the plaintiff, judgment was entered accordingly, and the creditors through the sheriff prosecute this appeal.

There is one question presented by the appellee which may be disposed of *in limine*, though in the view which we take of the case it might be disregarded. A motion was made to strike the bill of exceptions from the files because it was not filed within the time limited by the order of the court for its preparation, though it was presented and signed within an extension which the defendant Burchinell procured, though without notice to the other side. It is of course insisted that since the order was obtained without notice it was wholly void; and the appellant might not therefore have his bill signed and filed and thereby save any questions to which a bill of exceptions is necessary. We do not regard the latter portion of the inquiry as at all essential because as appears from the record, the bill was presented to the judge within the term at which the cause was tried.

It is quite true the appellant applied for time within which to file his bill and the court gave him leave to file it within sixty days, and also extended that time for fifteen days. The bill however was presented within the term and signed. These circumstances dispose of any question as to the regularity of the order and the power of the court to make it because it must be true that at any time within the term, the plaintiff has the right under the code to prepare and tender his bill of exceptions for signature, and the court has full power to authenticate it. The code, section 385, gives either party a right to file his bill of exceptions at any time during the term of court or at any time thereafter when further time is given and fixed by the court which tries the case. This section of the code undoubtedly contemplates two classes of cases ; the one where the bill is signed within the term, and the other where it is signed beyond the term. In the latter case, the court is powerless to act, and the party tendering the bill is without right unless the court within the term fixes a time after its expiration within which he may tender and have his bill filed. ' We do not regard the order which the court made as a limitation upon the general right of the party, nor as in any wise affecting his statutory privilege to prepare and tender his bill at any time during the term. We do not regard this decision as at all in conflict with the *Board of Commissioners of Otero County v. The First National Bank of La Junta*, 8 Colo. Ct. of Appeals, 371 (46 Pac. Rep. 618), because the bill in that case was tendered and signed after a term had commenced by statute in another county, and therefore after the term had expired by statutory limitation in the county wherein the case was tried. This separates the two cases and makes them entirely harmonious.

The appellee has also suggested by way of cross error, the order which the court made permitting the sheriff to amend his answer at the time of the trial, without proceeding in the manner provided by statute. This question is wholly unimportant since upon the record as made, we are thoroughly

satisfied the court was right in directing a verdict for the plaintiff. Under our statute regulating the disposition of personal property, it is undoubtedly essential that there be a change of possession in order to validate the title of the person who asserts a claim against an insolvent debtor when suit is brought by a creditor and the question of title is involved. The whole subject has been very thoroughly and completely settled by numerous adjudications in the state, and they all agree that the change of possession must be absolute, unequivocal and notorious and the world must be advised of the change if the transferee would assert a title good as against attaching creditors. It is wholly unnecessary to restate the law on this subject or to review the authorities wherein it has been declared. It is sufficient to say that the record in this case shows an absolute change of possession within the scope of the decisions on this subject. It makes very little difference whether the instrument is construed as a bill of sale or a mortgage. When it was delivered Schoyer took immediate possession of the property, closed the store and took an inventory; thereafter he took the goods away from the locality in which the merchant had been doing business, removed them from the store and from the town; took them to Denver and placed them in a building which he had rented and proceeded to dispose of the goods in the usual and ordinary course of business. This complete change of possession had been continued for nearly four months and the debtor had neither been in possession, nor had any control whatever of the property since the time he delivered the instrument and turned over the property. The change of possession was absolute and unconditional, the good faith of the transaction is entirely unimpeached and it rested upon a sufficient consideration. While the abstract is somewhat unsatisfactory and fails to exhibit the case in all of its aspects and we have been compelled to examine the. record to satisfy our minds concerning it, we are decidedly of the opinion that there is no basis on which the transaction can be successfully impeached. Schoyer was entitled to the

direction which the court gave to the jury for a verdict in his favor, and there is no assignment of error in the record which warrants us to disturb the judgment, which will accordingly be affirmed.

*Affirmed.*